# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ibrm Ibn Albinsiio Greagor, Plaintiff -vs- Joseph M. Arpaio, et al., Defendants. | CV-14-1955-PHX-SPL (JFM) **Order and Report & Recommendation** |

**Background** - In the Order filed September 2, 2015 (Doc. 23), the Court screened Plaintiff's Second Amended Complaint (Doc. 20), filed August 24, 2015. The Court directed Defendant Hunter to answer Count Four. Defendant Shift Officer John Doe was not dismissed, and Plaintiff was directed to amend his complaint to name him when his identity was obtained through discovery. On November 5, 2015, service on Defendant Hunter was returned unexecuted (Doc. 28). Plaintiff sought an extension of time to serve, and again attempted service. (Order 1/6/16, Doc. 32.) On April 18, 2016, service on Defendant Hunter was again returned unexecuted (Doc. 38).

In the meantime, Plaintiff sought (Doc. 34) and obtained (Doc. 35) assistance from the Court to discover the identity (Townsend) of Defendant Shift Officer John Doe, and the Second Amended Complaint was deemed amended to name him, and service was ordered. (Order 4/20/16, Doc. 40.)

First Order to Show Cause - In the Order filed April 20, 2016 (Doc. 40), the Court ordered Plaintiff to file a memorandum showing cause why Defendant Hunter should not be dismissed without prejudice for failure to effect service. In response, Plaintiff filed "interrogatories" (Doc. 42) addressed to no one, which the Court struck for that reason and matters of form. (Order 5/4/16, Doc. 43.) Plaintiff then again moved (Doc. 45) for an extension of time to complete service, which the Court granted, giving Plaintiff

1

through June 10, 2016. (Order 5/12/16, Doc. 45.)

In the meantime, service on Defendant Townsend was completed, and on June 16, 2016 the Court issued a scheduling Order (Doc. 50), setting an initial discovery cutoff date of 10/13/16. Upon receipt of the parties' joint discovery plan, that schedule was amended to extend the discovery cutoff to November 14, 2016. (Order 8/2/16, Doc. 65.)

<u>Second Order to Show Cause</u> - Service on Defendant Hunter had not progressed, and on June 21, 2016, the Court again issued an Order to Show Cause (Doc. 51) why Hunter should not be dismissed. Plaintiff responded on June 29, 2016 (Doc. 56), seeking additional time to serve and arguing that Plaintiff had sent interrogatories to "the defendants representatives" to attempt to locate Hunter.

Plaintiff also filed a Motion to Compel (Doc. 57) and a Motion for Service (Doc. 62). The Motion for Service sought to authority serve Hunter's employer, rather than Hunter. The Motion to Compel sought Hunter's address.

The Court construed the Motion to Compel as seeking a subpoena to jail officials, or requiring acceptance of service, and set a time for Defendant Townsend to respond. (Order 7/19/16, Doc. 60.) Townsend responded (Doc. 63) that Hunter was not employed by Townsend's employer (Maricopa County Sheriff's Office) or the Maricopa County Attorney, and the latter had no authority to accept service for Hunter.

The Court denied both motions with prejudice. That Order observed:

> The Court ordinarily might be inclined to *sua sponte* issue a subpoena directing the last known employer to provide a last known address for Defendant Hunter. But, Plaintiff has allowed the original service deadline of November 22, 2015 (see Scheduling Order, Doc. 50 at 1), initial extended deadline of March 7, 2016 (see Order 1/6/16, Doc. 31), and second extended deadline of June 10, 2016 (see Order 5/12/16, Doc. 46) to pass. Almost an entire year has passed since service on Hunter was ordered. (See Order 9/2/15, Doc. 23.) Moreover, the extended deadline for discovery requests is November 14, 2015, and thus discovery will be all but complete by the time Defendant Hunter could be served. At this stage Defendant Hunter is ripe to be dismissed

(Order 8/31/16, Doc. 68 at 3.) Plaintiff has not objected to that Order.

Instead, on September 8, 2016, Plaintiff filed a Motion for Stay of Discovery

2

(Doc. 69), seeking to stay discovery until service on Hunter could be completed, asking for a subpoena to Hunter's last known employer (arguing Plaintiff was unaware of the employer's address until July 13, 2016), and indicating Plaintiff's intent to amend his Second Amended Complaint (Doc. 20) to add "additional charges on defendant Hunter."

**Failure to Timely Serve** - Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Effective December 1, 2015, Rule 4(m) was amended to reduce the time for service to 90 days. Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."   Under these rules, Plaintiff had through no later than Tuesday, December 22, 2015 to complete service (applying the 120 day rule), and arguably only had through Monday, November 23, 2015 (applying the 60 day rule).

However, the Court has twice extended that deadline, with it finally expiring on June 10, 2016.   (Order 1/6/16, Doc. 32; Order 5/12/16, Doc. 46.)

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Despite the Court's repeated extensions and Orders to Show Cause (Doc. 40), Plaintiff has failed to complete service and the only good cause for his delay that he has proffered has been his lack of familiarity with litigation.  The undersigned does not find

good cause to excuse the expansive delay.

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge,* 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223-1224 (9th Cir.2000).

Again, Plaintiff has failed to offer any showing of excusable neglect. Based on the information available to the Court, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant, Length of Delay and Impact</u> – Defendant Hunter, if eventually served, would be brought into litigation which has been pending since September 5, 2014, and concerning events which occurred almost three years ago, on June 13, 2013. (Second Amended Complaint, Doc. 20 at 4.) Moreover, in light of the age of the case, the Court anticipate maintaining strict deadlines for discovery and trial preparation. Indeed, in the Order granting the recent extension, the Court observed: "Given the age of this case, the Court is generally not inclined to expand the schedule." (Order 8/2/16, Doc. 65 at 1.)

Over ten months have expired since service on Defendant Hunter was first

returned unexecuted (Doc. 28).  The latest attempt was returned unexecuted on April 18, 2016 (Doc. 38), more than five months ago.   Plaintiff still is unprepared to proceed with service, but is again seeking discovery to locate Defendant Hunter.

Accordingly, the undersigned finds a likelihood of prejudice to the unserved defendant, that the length of delay (over a year since the Court's service Order) calls for dismissal, and that the likely impact will be delay in the proceeding if Plaintiff is permitted to continue to attempt service.

<u>Reason for Delay</u> - Plaintiff's fitful attempts at pursuing service on this defendant, do not demonstrate diligence. Rather, much of the delay is attributable to simple neglect.

Plaintiff has shown little to establish diligence.  His first request to extend the deadline (11/12/15, Doc. 29) simply argued ongoing efforts to locate an address.  His second request (1/4/16, Doc. 31) argued he had new information on Hunter.  His third request (5/9/16, Doc. 45) argued he was trying his best to confirm Hunter's identity and address, and had been given information by the MCSO legal liaison.

His response (Doc. 56, 6/29/16) to the first Order to Show Cause (Doc. 51) argued Plaintiff had sent interrogatories to Defendant Townsend, and asserted Plaintiff did not understand what he was doing wrong. However

His response (8/2/16, Doc. 65) to the second Order to Show Cause (Doc. 51) argued he had sent interrogatories to Defendant Townsend to find Hunter.  But that request had not been sent until June 21, 2016 (Doc. 55), some 10 days after his final extension to serve Hunter had expired.

Plaintiff's inexperience might justify some delay.  But Plaintiff has had almost an entire year to serve Hunter.  Moreover, Plaintiff's solution he now seeks in his recent motion (Doc. 69) is a solution that the Court employed almost nine months ago to assist Plaintiff in obtaining an address for service on Defendant Townsend, e.g. a subpoena to the defendant's employer.  (*See* Order 3/23/16, Doc. 35.)  Rather than being diligent throughout the life of the litigation, Plaintiff has delayed until after his twice extend time to serve had run, and finally began seeking discovery from Defendant Townsend and

assistance from the Court.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

**<u>Summary Regard Service and Dismissal</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendant Hunter. Accordingly, the undersigned will recommend dismissal of Defendant Hunter.

In light of that conclusion, Plaintiff's latest attempts at conducting discovery to serve Hunter will be denied.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Stay of Discovery, filed September 8, 2016 (Doc. 69) is **DENIED**.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendant Hunter be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 19, 2016

_____
James F. Metcalf
United States Magistrate Judge

14-1955o Order 16 05 10 re RR Dismiss FTSrv.docx