IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ibrm Ibn Albinsiio Greagor,<br><br>              Plaintiff,<br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>              Defendants. | No.  CV-14-01955-PHX-SPL (JFM)<br><br>**ORDER** |

      The Honorable James F. Metcalf, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") (Doc. 70), recommending that Defendant Hunter be dismissed without prejudice. Petitioner has filed an objection to the R&R (Doc. 72).

      A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent

purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

In the R&R, the Magistrate Judge recommends that Defendant Hunter be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, reasoning that Plaintiff has failed to show that good cause or excusable neglect justifies a further extension of time to accomplish service on him. While Plaintiff has objected to the R&R, his objection does not point to any specific flaw in the Magistrate Judge's analysis or findings. Instead, he again asks for additional time to attempt to serve Defendant Hunter with the information provided to him by Defendants. (Doc. 72.)

In light of the numerous extensions and orders to show cause issued in this case, the Court does not find that Plaintiff has exercised due diligence, and the circumstances identified by him do not qualify as good cause to excuse the delay. Permitting Plaintiff an additional opportunity to attempt to serve Defendant Hunter at this juncture would unduly delay the resolution of this case. Further, the likelihood of prejudice to Defendant Hunter calls for his dismissal. As observed by the Magistrate Judge, if Defendant Hunter were eventually served, he would be brought into a case that has been pending since 2014 and concerns events which occurred in 2013.

Therefore, the Court will adopt the R&R and dismiss Defendant Hunter. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge's Report and Recommendation (Doc. 70) is **accepted** and **adopted** by the Court;

2. That Defendant Hunter is **dismissed without prejudice**; and

/ / /

/ / /

/ / /

3. That this matter shall remain referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 24th day of October, 2016.

Honorable Steven P. Logan
United States District Judge